D. Maimon Kirschenbaum (DK 2338)
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548
maimon@jhllp.com

*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SIDDIQUE MASIH,

                Plaintiff,

v.

THREE STAR GIFT SHOP INC., AND
NISAR AHMAD,

                Defendants.
----------------------------------------------------------x

JUDGE SWEET

07 CIV 9923

Index No.:

COMPLAINT

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff Siddique Masih, through his undersigned counsel, sues Defendants, Three Star Gift Shop Inc. ("Three Star") and Nisar Ahmad (here in after collectively referred to as "Defendants," for declaratory and injunctive relief, as well as monetary damages, to redress the deprivation of rights secured to plaintiff by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 141 and 142, as set forth below.

## PARTIES, JUSRISDICTION, AND VENUE

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as this action involves federal questions regarding Plaintiff's rights under the FLSA.

2. Venue herein is proper under 28 U.S.C. § 1391(b) as this action arose within this District where the unlawful employment practices alleged herein occurred, many of the records pertinent thereto are maintained, and Defendants reside in this district.

3. This Court has supplemental jurisdiction over Plaintiff's state wage and hour law under 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

4. Defendant Three Star is a gift and electronic retail company located in New York with its principle place of business located at 767 8th avenue, New York, NY 10036. Defendant Nisar Ahmad is the President of Defendant Three Star.

5. Plaintiff, Siddique Masih, is an adult resident of the State of New York, residing at 1707 Madison Street Apt. # 2R Ridgewood, NY 11385.

6. During all relevant times herein, Plaintiff was an "employee" as defined within the meaning of the Fair Labor Standards Act and the New York Minimum Wage Act.

7. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203 and New York State Wage and Hour law.

## FACTS

8. Plaintiff has been employed by Three Star as a salesman since approximately September 1995.

9. During his employment with Three Star, Plaintiff worked 84 hours a week.

10. Defendants did not compensate plaintiff 1.5 times his regular rate for hours worked in excess of forty hours per workweek.

11. Defendants did not compensate Plaintiff for NY's "Spread of Hours" premium for days in which Plaintiff worked in excess of 40 hours.

## COUNT I

### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*)

12. Plaintiff realleges and incorporates by reference all previous paragraphs as though set forth in full herein.

13. Pursuant to FLSA sections 201, 203, 215, 216, 226, 226.6, 1174, 1194, 1194.2, 1197 and 1199, it is unlawful for an employer, such as Defendants, to suffer or permit an employee to work without paying wages for all hours worked.

14. Plaintiff is entitled to overtime compensation for all overtime hours worked, pursuant to the FLSA.

15. Defendants did not pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week.

16. By failing to compensate Plaintiff overtime for hours of work he performed in excess of forty (40) hours per week as required by FLSA, Defendants violated FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

17. The foregoing conduct, as alleged, constitutes a willful violation of FLSA, within the meaning of 29 U.S.C. § 255(a).

18. Plaintiff seeks recovery of attorneys' fees and costs of action, to be paid by Defendants, as provided by FLSA, 29 U.S.C. § 216(b).

19. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by FLSA, 29 U.S.C. § 216(b).

## COUNT II
**(New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 141 and 142)**

20. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

21. It is unlawful for an employer, such as Defendants, to suffer or permit a non-exempt employee to work without paying special overtime wages for all hours worked, including overtime wages for work in excess of forty (40) hour workweeks.

22. Plaintiff was not properly compensated for hours that she worked in excess of forty (40) hours per week.

23. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

24. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by NY. Lab. Law §663-6, prejudgment interest, and costs and attorneys' fees pursuant to statute.

### FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 141 and 142)
Brought by Plaintiff on Behalf of Herself and the Class)

25. Plaintiff realleges and incorporates by reference all previous paragraphs.

26. Plaintiff regularly worked more than 10 hours in a workday.

27. Defendants willfully failed and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

28. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of New York State;

b. An injunction against Defendants' violations of the laws of New York State;

    c.    Monetary damages including, but not limited to, lost income, including past salary, in an amount to be determined at trial, together with interest thereon (both pre- and post-judgment) from the time of the initial loss until satisfaction of judgment, and liquidated damages;

    d.    The costs of this action, together with reasonable attorney's fees;

    e.    Such other and further relief as to this Court appears necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
November 6, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum, (DK-2338)
Joseph and Herzfeld, LLP
757 Third Avenue, Suite 2500
New York, New York 10017
212-688-5640 *phone*
212-688-2548 *fax*

*Attorneys for Plaintiff*